IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| **Jorge Beniquez**, individually and on behalf of all other similarly situated individuals,<br><br>**Plaintiff,**<br><br>v.<br><br>**Atlantic Supply, LLC,**<br><br>**Defendant.** | **COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Jorge Beniquez, ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this Class Action Complaint against Defendant Atlantic Supply, LLC ("Defendant"), and states as follows:

## INTRODUCTION

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, Jorge Beniquez, individually and on behalf of all similarly situated persons employed by Defendant Atlantic Supply, LLC arising from Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a *et seq.*, and New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 *et seq.* ("New Jersey Wage Acts").

2. Defendant Atlantic Supply, LLC is headquartered in Voorhees, New Jersey and operates gas stations in the State of New Jersey.

3. Plaintiff and similarly situated employees worked as hourly-paid gas station workers in New Jersey.

1

4. Defendant violated the FLSA and New Jersey Wage Acts by failing to compensate plaintiff and similarly situated employees for all hours recorded on their timesheets, including overtime hours worked.

5. As a result, hourly-paid gas station workers were consistently not paid for all straight time and overtime hours worked.

6. Defendant's failure to pay hourly-paid gas station workers for such time violated the FLSA's overtime provisions, which require employers to pay 1.5x an employee's regular rate of pay for hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1) and violate New Jersey Wage Acts for failing to pay for all hours worked and failing to pay for overtime hours.

7. The individuals Plaintiff seeks to represent in this action are current and former hourly-paid employees of Defendant who are similarly situated to each other in terms of their positions, job duties, pay structure, and Defendant's violations of state law.

8. Plaintiff seeks a declaration that their rights, and the rights of the Class members, were violated, an award of unpaid wages and liquidated damages, injunctive and declaratory relief, attendant penalties, and an award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendant to such illegal conduct in the future.

## **JURISDICTION**

9. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq*.

10. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over Defendant because Defendant is located in New Jersey.

## VENUE

12. Venue is proper in the District of New Jersey because a substantial portion of the events forming the basis of this suit occurred in this district and Defendant resides in this district.

## INTRADISTRICT ASSIGNMENT

13. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in Burlington County; therefore, this action is properly assigned to the Camden Division.

## PARTIES

14. Plaintiff Jorge Beniquez is a United Stated Citizen and currently resides in the County of Burlington, State of New Jersey.

15. Plaintiff worked as a gas station attendant at various locations operated by Defendant in New Jersey, including locations in Tabernacle, Medford, and Williamstown from 2009 to 2021.

16. Plaintiff was compensated on an hourly basis throughout his employment with Defendant.

17. Plaintiff signed a consent form to join this lawsuit, which is attached as **Exhibit 1**.

18. Other gas station attendants were compensated on an hourly basis and were subject to substantially similar, if not identical, policies and practices alleged herein.

19. Defendant Atlantic Supply, LLC is a for-profit business duly organized and existing in New Jersey with a principal place of business located at 1233 Haddonfield Berlin Rd Ste 8, Voorhees, New Jersey 08043.

20. Defendant managed the hiring and firing of employees.

21. Defendant managed employees' conditions of employment.

22. Defendant managed the promulgation of employees' schedules.

23. Defendant managed the promulgation of setting employees' rates and methods of compensation.

24. Defendant maintained employment records of employees.

25. Plaintiff and hourly-paid gas station workers were employees who have been employed by Defendant during all relevant times hereto and, as such, are employees entitled to the FLSA's protections. *See* 29 U.S.C. § 203(e).

26. Defendant acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted in the course and scope of their employment with and for Defendant.

## **GENERAL ALLEGATIONS**

27. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

28. Hourly-paid workers' primary job responsibilities included pumping gas and managing the register.

29. Defendant determined hourly-paid workers' schedules and instructed them where and when to report to work.

30. Gas station attendants were compensated on an hourly basis.

31. Hourly paid workers' regularly worked in excess of forty (40) hours in a workweek.

32. Defendant failed to pay non-exempt hourly-paid workers' compensation for hours worked in excess of forty (40) in a workweek.

33. Plaintiff and hourly-paid workers hand-wrote times on paper time sheets indicating time in and time out.

34. Defendant failed to pay hourly-paid workers' for all time indicated on their time sheets.

35. Instead, hourly-paid workers were either paid at the workers' straight rate of pay (with no overtime premium), or not paid at all, due to the other unlawful policies alleged herein.

36. Hourly-paid workers were not compensated at a rate of 1.5 times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

37. Hourly-paid workers typically continued to work beyond their designated shifts, and were regularly not compensated for such work.

38. Accordingly, during a typical workweek, hourly-paid workers performed a significant amount of work, including work in excess of forty (40) hours, for which they did not receive compensation.

39. By way of example, during the pay period of November 23, 2020 to December 6, 2020, Plaintiff was paid for forty (80) hours of scheduled time but had to work additional uncompensated time outside his scheduled time.

40. Gas station attendants are/were, within the meaning of the FLSA and/or the New Jersey Wage Acts, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

41. Defendant willfully failed to compensate security personnel for all hours worked in violation of the FLSA, and the New Jersey Wage Acts.

**COLLECTIVE ACTION ALLEGATIONS**

42. Plaintiff repeats and re-alleges and incorporates all previous paragraphs herein.

43. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices which shorted overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

44. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the "FLSA Collective," defined as:

> *All current and former gas station attendants who work or have worked for Defendant at any of their locations at any time within the period of three (3) years prior to the commencement of this action and the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

45. Plaintiff brings this collective action against Defendant to recover unpaid minimum wage compensation, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

46. The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

47. Plaintiff seeks to send Notice to all similarly situated hourly-paid workers as provided by 29 U.S.C. § 216(b) and supporting case law.

48. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

49. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

50. Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

51. Plaintiff repeats and re-alleges and incorporates all previous paragraphs herein.

52. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on behalf of the following putative Class ("Rule 23 Class"). The Rule 23 Class is defined as follows:

> *All current and former gas station attendants who work or have worked for Defendant at any of their locations in New Jersey at any time within the six (6) years preceding the commencement of this action through the date of judgment.*

53. Excluded from the Rule 23 Class are Defendant's exempt executives and administrative and professional employees, including computer professionals and outside sales persons.

54. *Numerosity:* The putative Class members from New Jersey are so numerous that joinder of all members in the case would be impracticable.

55. *Commonality/Predominance:* There is a well-defined community of interest among Class members and common questions of *both* law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions, include, but are not limited to, whether Defendant failed to pay Plaintiff and the Rule 23 Class members for all time worked, including time in excess of forty (40) hours in a workweek.

56. *Typicality:* Plaintiff's claims are typical of claims of the Rule 23 Class he seeks to represent in that Plaintiff and all other members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from

Defendant's similar policies, practices, and course of conduct as all other Class members' claims and Plaintiff's legal theories are based on the same or similar facts.

57. *Adequacy:* Plaintiff will fully and adequately protect the interests of the Rule 23 Class and have retained national counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

58. *Superiority:* A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for the Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

59. This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant and its corporate clients all have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

60. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

61. Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
### (Brought by Plaintiff Individually and on Behalf of the FLSA Collective)
### Failure to Pay Overtime Wages

62. Plaintiff re-alleges and incorporates all previous paragraphs herein.

63. 29 U.S.C. § 207 (a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is not engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

64. Defendant employed Plaintiff and the FLSA collective members as hourly-paid workers.

65. In several workweeks, Plaintiff and the FLSA collective members worked over forty (40) hours a week.

66. Defendant failed to compensate Plaintiff and the FLSA collective members for all hours worked.

67. Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

68. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

69. As a result of Defendant's uniform policies and practices described above, Plaintiff and the FLSA collective members are illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

# COUNT II
## Violation of New Jersey Wage and Hour Laws, N.J.S.A. 34:11-56a, *et seq.*
## (Brought by Plaintiff Individually and on Behalf of the Rule 23 Class)
## Failure to Pay Overtime Wages;

70. Plaintiff re-alleges and incorporates all previous paragraphs herein.

71. Defendant was an "employer" under N.J.S.A. 34:11-4.1, *et seq*.

72. Plaintiff was an "employee" under N.J.S.A. 34:11-4.1, *et seq*.

73. At all times relevant to the action, Defendant was an employer covered by the overtime and wage mandates of the New Jersey Wage Acts, and the Rule 23 Class are employees entitled to the protections of the New Jersey Wage Acts. N.J.S.A. 34:11-56a1(h).

74. Defendant "suffered or permitted" the Plaintiff and other Rule 23 New Jersey Class members to work and thus "employed" them within the meaning of N.J.S.A. 34:11-56a1(f).

75. N.J. Stat. § 34:11-56a4(a) provides that "each employer shall pay to each of his employees wages at a rate of not less than $8.85 per hour as of January 1, 2019…."

76. N.J. Stat. § 34:11-56a4(b) provides that "An employer shall also pay each employee not less than 1 1/2 times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week…."

77. N.J. Stat. § 34:11-4.2 provides that "every employer shall pay the full amount of wages due to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer…."

78. Under New Jersey law, employees are entitled to be paid for "all hours worked." N.J. Admin. Code tit. 12, § 56-5.1.

79. Defendant violated the New Jersey Wage Act by regularly and repeatedly failing to compensate the Rule 23 Class for the time spent on the work activities described in this Complaint.

80. Defendant's uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

81. As a result, the Rule 23 Class has and will continue to suffer loss of income and other damages. Accordingly, the Rule 23 Class is entitled to recover unpaid wages owed, including overtime wages, liquidated damages in the amount of 200% of the wages owed, plus costs and attorneys' fees, and other appropriate relief under the New Jersey Wage Acts at an amount to be proven at trial. *See* N.J. Stat. § 34:11-58.

**COUNT III**
**Violation of New Jersey Wage and Hour Laws, N.J.S.A. 34:11-56a, *et seq.***
**(Brought by Plaintiff Individually and on Behalf of the Rule 23 Class)**
**Failure to Pay Minimum Wages**

82. Plaintiff re-alleges and incorporates all previous paragraphs herein.

83. Pursuant to the applicable provisions of the N.J.S.A. 34:11-56a(4), Plaintiff were entitled to the statutory minimum hourly wage for the hours they worked.

84. Defendant regularly and repeatedly knowingly failed to pay Plaintiff the statutory minimum wage for all hours worked.

85. As a result of Defendant's violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and are entitled to recover from Defendant all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

86. As a result, the Rule 23 Class has and will continue to suffer loss of income and other damages. Accordingly, the Rule 23 Class is entitled to recover unpaid wages owed, including overtime wages, liquidated damages in the amount of 200% of the wages owed, plus costs and attorneys' fees, and other appropriate relief under the New Jersey Wage Acts at an amount to be proven at trial. *See* N.J. Stat. § 34:11-58.

# COUNT IV
## Violation of New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.*
### (Brought by Plaintiff Individually and on Behalf of the Rule 23 Class)
### Failure to Timely Pay Wages

87. Plaintiff re-alleges and incorporates all previous paragraphs herein.

88. At all relevant times, Defendants failed to pay Plaintiffs the full amount of wages due to them at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

89. Defendants also failed to pay Plaintiffs all wages due to them not later than the regular payday for the pay period in which they were terminated, in violation of N.J.S.A. 34:11-4.3.

90. As a result of Defendants' violations of the law and failure to pay Plaintiffs all wages due, including overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all unpaid wages, along with interest and costs.

91. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fifth Cause of Action for all unpaid wages, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

92. As a result, the Rule 23 Class has and will continue to suffer loss of income and other damages. Accordingly, the Rule 23 Class is entitled to recover unpaid wages owed, including overtime wages, liquidated damages in the amount of 200% of the wages owed, plus costs and attorneys' fees, and other appropriate relief under the New Jersey Wage Acts at an amount to be proven at trial. *See* N.J. Stat. § 34:11-58.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully requests that this Court grant the following against Defendant, as follows:

a. A declaratory judgment that Defendant's policies and practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

b. A declaratory judgment that Defendant's policies and practices alleged herein violate the N.J.S.A. 34:11-56a, *et seq.*;

c. A declaratory judgment that Defendant's policies and practices alleged herein violate the N.J.S.A. 34:11-4.1, *et seq.*;

d. An Order for injunctive relief ordering Defendant to comply with the FLSA and New Jersey Wage Acts and end all of the illegal wage practices alleged herein;

e. Certifying this action as a collective action in accordance with 29. U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

f. Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the New Jersey Wage Acts claims set forth herein;

g. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

h. Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

i. Designating Plaintiff as the representative of the FLSA collective in this action

j. Designating Plaintiff as the representative of the New Jersey Rule 23 class in this action;

k. Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Classes in this action;

l. Judgment for damages including all unpaid wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

m. Judgment for damages including all unpaid wages and liquidated damages to which Plaintiff and the Rule 23 class members are lawfully entitled under the New Jersey Wage Acts;

n. Judgment for treble damages to which Plaintiff and the Rule 23 class members are lawfully entitled under the New Jersey Wage Acts;

o. An incentive award for Plaintiff for serving as representative of the FLSA collective and Rule 23 classes in this action;

p. An Order directing Defendant to pay Plaintiff and members of the collective/class reasonable attorneys' fees and all costs connected with this action pursuant to the FLSA and New Jersey Wage Acts;

q. Judgment for any and all civil penalties to which Plaintiff and the members of the collective/class may be entitled; and

r. Such other and further relief as to this Court may deem necessary, just and proper.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: October 20, 2022                                         Respectfully submitted,

/s/ *Jason T. Brown*
Jason T. Brown (NJ Bar ID # 35921996)
Nicholas Conlon (NJ Bar ID # 34052013)
Eric Sands (Will PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Telephone: (877) 561-0000
Facsimile: (855) JTB-LAWS
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
eric.sands@jtblawgroup.com