UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE BENIQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SUPPLY, LLC,<br><br>Defendant. | Civil Action<br>No. 22-06198 (CPO)<br><br>OPINION |

**O'HEARN, District Judge.**

## INTRODUCTION

This matter comes before the Court on the motion for entry of default judgment pursuant to Fed. R. Civ. P. 55(b) by plaintiff Jorge Beniquez ("Plaintiff"). [ECF No. 14]. No opposition has been filed by the defendant, Atlantic Supply, LLC ("Defendant" or "Atlantic Supply"). For the reasons set forth herein, Plaintiff's motion will be denied without prejudice.

**I.    Factual Background and Procedural History**

Plaintiff commenced this action on October 20, 2022 by filing a complaint against his former employer, Defendant, alleging failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(a), *et seq.* ("NJWHL"); failure to pay minimum wages in violation of NJWHL; and failure to timely pay wages in violation New Jersey Wage Payment Act, N.J.S.A. § 34:11-4.1, *et seq.* ("NJWPA"). *See* Complaint [ECF No. 1] ("Compl.").

Plaintiff worked for Defendant as a gas station attendant from in or around 2009 until in or around 2021. Compl. ¶ 15. Plaintiff alleges that throughout his employment he routinely

1

worked more than forty hours per week. Compl. ¶ 31. According to Plaintiff, Defendant failed to pay Plaintiff for all time indicated on his time sheets, including time in excess of forty (40) hours in a workweek. Compl. ¶¶ 32-34. Plaintiff further claims Defendant failed to pay him the statutory minimum wage at the beginning of the years 2020 and 2021. Declaration of Jorge Beniquez ¶¶ 4-5, 7-8 [Dkt. 15-1] ("Beniquez Decl."); *see also* Compl. ¶ 84. Plaintiff asserts that he was a non-exempt employee under the FLSA and NJWHL and was entitled to receive at least the minimum wage for all hours worked as well as overtime wages equal to one and one-half times his regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week. *See* Memorandum in Support at *4 [Dkt. 15] ("Br. in Supp.").

Plaintiff initially attempted to effect personal service of process on Defendant at its principal place of business located at 1233 Haddonfield Berlin Road, Suite 8, Voorhees, New Jersey 08043. Affidavit of Service by Nicholas Conlon ¶ 4 [ECF No. 11] ("Conlon Affidavit"). Plaintiff's first two attempts were made on November 18, 2022 and December 8, 2022 via a process server. Conlon Affidavit ¶ 4. Each of these attempts was unsuccessful. Conlon Affidavit ¶ 4. On December 14, 2022, Plaintiff mailed copies of the summons and complaint, via USPS certified mail, return receipt requested, and USPS first class mail, simultaneously, to Defendant at its principal place of business. Conlon Affidavit ¶ 10. Plaintiff made a third attempt to serve Defendant at its principal place of business via a process server on February 28, 2023, which was unsuccessful. Conlon Affidavit ¶ 4.

Plaintiff then searched the State of New Jersey, Department of the Treasury, Division of Revenue and Enterprise Services, Business Records Service and located records identifying Parminder Singh as the registered agent of Defendant. Conlon Affidavit ¶ 7. The Court issued

summonses for Defendant directed to its registered agent Parminder Singh, and Mr. Singh's business partner Surinder Hundal. Conlon Affidavit ¶ 8; Summons, January 19, 2023 [ECF No 6]; Summons, February 8, 2023 [ECF No. 8]. The Court also entered an Order extending the period to effectuate service to April 20, 2023. Order Granting Plaintiff's Motion for Extension [ECF No. 10].

A process server attempted to serve Defendant at Parminder Singh's and Surinder Hundal's respective residential addresses on February 3, 2023 (Parminder Singh), February 17, 2023 (Surinder Hundal), February 22, 2023 (Surinder Hundal), and March 2, 2023 (Parminder Singh and Surinder Hundal). Conlon Affidavit ¶ 8. The process server notified Plaintiff that he was unable to serve Defendant at either Parminder Singh's residential address or Surinder Hundal's residential address. Conlon Affidavit ¶ 9. Plaintiff thereafter "found that a Termination/Dissolution of LLC was filed related to Defendant Atlantic Supply, LLC in 2022 on the State of New Jersey, Department of the Treasury, Division of Revenue and Enterprise Services, Business Records Service." Conlon Affidavit ¶ 11.

Plaintiff has received the undelivered mailings sent via USPS certified mail to Atlantic Supply, Parminder Singh, and Surinder Hundal, undelivered USPS certified mail to Defendant, undelivered USPS certified mail to Parminder Singh, and undelivered USPS certified mail to Surinder Hundal. Conlon Affidavit ¶ 15. No return receipt cards, signed or unsigned, accompanied the USPS certified mailing sent to Atlantic Supply, LLC as it was returned as undeliverable. Conlon Affidavit ¶ 19. Plaintiff did receive unsigned return receipt cards accompanying the USPS certified mailings sent to Parminder Singh and Surinder Hundal that were returned as undeliverable. Conlon Affidavit ¶ 19.

Prior to filing this lawsuit, counsel for Plaintiff sent a Pre-Litigation Demand Letter and Tolling Agreement to Atlantic Supply via email on January 31, 2022. Conlon Affidavit ¶ 13. That email was presumably received because on March 14, 2022, counsel for Plaintiff received an email from David M. DeClement, Esq. stating that Mr. DeClement represents Atlantic Supply. Conlon Affidavit ¶ 13. Mr. DeClement thereafter signed a Tolling Agreement on behalf of Atlantic Supply agreeing to toll all state and federal statutes of limitations from March 7, 2022. Conlon Affidavit ¶ 13. Thereafter the parties discussed the possible settlement of Plaintiff's claims, but no settlement was reached. Conlon Affidavit ¶ 13.

Plaintiff then filed this lawsuit on October 20, 2022. Conlon Affidavit ¶ 13; Compl. Subsequently, Plaintiff contacted David M. DeClement, Esq. by telephone on December 7, 2022. Conlon Affidavit ¶ 14. According to counsel for Plaintiff, Mr. DeClement claimed that although he previously represented Defendant, he no longer represented Defendant and could not accept service on its behalf. Conlon Affidavit ¶ 14. Counsel for Plaintiff followed up with Mr. DeClement by telephone on April 13, 2023. Mr. DeClement stated he has not been in contact with Defendant. Conlon Affidavit ¶ 14.

Defendant has made no appearance, pleading, or other filing in this action. Default was entered as to Defendant for failure to plead or otherwise defend pursuant to Fed. R. Civ. P. 55 (a) on September 12, 2023, and a Notice of Call for Dismissal Pursuant to L. Civ. R. 41.1(a) was issued by the Clerk of Court. [ECF No. 13].

Plaintiff now moves for default judgment pursuant to Fed. R. Civ. P. 55(b). Br. in Supp. at *5. Plaintiff asserts that the prerequisites for default judgment have been satisfied because (1) Defendant has not appeared in this action nor answered the pleadings, the allegations of which must be accepted as true; (2) the Clerk of the Court has entered default; (3) Plaintiff served his

Request for Entry of Default Judgment on Defendant; and, (4) Plaintiff has made a showing of specified damages. Br. in Supp. at *5-6.

## II.  Legal Standard

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assoc. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

"Before a default judgment may be entered by the court, the moving party must have obtained an entry of default pursuant to Rule 55(a)." *Prudential Ins. Co. of Am. v. Silva*, No. CIV.A. 06-4742(WHW), 2008 WL 2559359, at *2 (D.N.J. June 26, 2008). Additionally, prior to entering a default judgment the court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015) (citing *Chanel, Inc.*, 558 F.Supp.2d at 535–36). The Court must also consider the appropriateness of the default judgment by weighing

5

"(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. App'x 519, 522 (3d Cir. 2006).

### III.   Discussion

"Before the Court can enter default judgment, it must find that process was properly served." *Teamsters Pension Fund of Philadelphia*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985); *see also Prudential Ins. Co. of Am.*, 2008 WL 2559359, at *2. "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). Service may be made on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Service may be made on a limited liability company following the same state law standards or by serving an authorized representative. Fed. R. Civ. P. 4(h)(1).

"The primary method of obtaining *in personam* jurisdiction over a defendant in New Jersey is by causing the summons and complaint to be personally served within this State pursuant to R. 4:4–3[.]" N.J. Ct. R. 4:4–4(a). However, "*in personam* jurisdiction may be obtained by mail under the circumstances and in the manner provided by R. 4:4–3." *Id*. N.J. Ct. R. 4:4–3(a) provides, in pertinent part:

> If personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4–7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of

> the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment. If the addressee refuses to claim or accept delivery of registered or certified mail, service may be made by ordinary mail addressed to the defendant's usual place of abode. The party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service.

N.J. Ct. R. 4:4-3(a). Under N.J. Ct. R. 4:4–7:

> If service is made by mail, the party making service shall make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment. With the proof shall be filed the affidavit or affidavits of inquiry, if any, required by R. 4:4–4 and R. 4:4–5. Where service is made by registered or certified mail and simultaneously by regular mail, the return receipt card, or the printout of the electronic confirmation of delivery, which shall include an image of the recipient's signature, provided by the U.S. Postal Service, or the unclaimed registered or certified mail shall be filed as part of the proof. A party making service by registered or certified mail and simultaneously by regular mail may file a photocopy of the return receipt card in lieu of the original return receipt card as the proof of service but only if the original is unavailable. Failure to make proof of service does not affect the validity of service.

N.J. Ct. R. 4:4-7.

Plaintiff asserts that the simultaneous mailings sent to Parminder Singh and Surinder Hundal constitute effective service under N.J. Ct. R. 4:4-3(a). Br. in Supp. at *4; Conlon Affidavit ¶ 20. Specifically, Plaintiff contends that effective service was made on February 23, 2023, the date the simultaneous mailings were sent to Parminder Singh's and Surinder Hundal's respective home addresses via USPS certified mail, return receipt requested, and USPS first class mail. Br. in Supp. at *4; Conlon Affidavit ¶ 21.

Plaintiff filed an Affidavit of Service setting forth Plaintiff's attempts to serve Defendant personally before doing so by simultaneous certified and regular mail. *See generally*, Conlon Affidavit. Under N.J. Ct. R. 4:4–3, service by mail is not effective "unless plaintiff *first* made 'a

7

reasonable and good faith attempt' to serve defendant personally." *City of Passaic v. Shennett*, 390 N.J. Super. 475, 483 (App. Div. 2007) (quoting N.J. Ct. R. 4:4–3(a)). Here, Plaintiff employed a private process server who certified that there were unsuccessful attempts made, on numerous separate occasions, to serve Defendant with Plaintiff's complaint and summons in accordance with N.J. Ct. R. 4:4–3. Plaintiff initially attempted to serve Defendant at its principal place of business located at 1233 Haddonfield Berlin Road, Suite 8, Voorhees, New Jersey 08043 on November 18, 2022 and December 8, 2022. Conlon Affidavit ¶ 4. Each of these attempts was unsuccessful. Conlon Affidavit ¶ 4. Plaintiff made a third attempt to serve Defendant at its principal place of business via a process server on February 28, 2023, which was also unsuccessful. Conlon Affidavit ¶ 4. Generally, three attempts at making personal service on a defendant is sufficient to show a "reasonable and good faith attempt" as required under N.J. Ct. R. 4:4-3(a) before effecting service by mail. *See*, *e.g.*, *PCIREO-1, LLC v. Marker*, No. A-1586-17T4, 2018 WL 5728262, at *5 (N.J. Super. Ct. App. Div. Nov. 2, 2018); *U.S. Bank Nat. Ass'n v. Curcio*, 444 N.J. Super. 94, 106 (App. Div. 2016). As described in in the Affidavit of Service, Plaintiff also made repeated attempts to effectuate personal service courtesy of Defendant's registered agent, Parminder Singh, at his home address. Conlon Affidavit ¶ 8. In view of Plaintiff's reasonable and good faith attempts to serve Defendant at the location identified as its principal place of business as well as at the home addresses of its registered agent, Plaintiff ostensibly would have satisfied the prerequisites for service by mail assuming Defendant was otherwise amenable to suit. Thus, the question becomes whether Plaintiff has sufficiently met its burden to show effective service by mail.

Plaintiff mailed copies of the summons and complaint, via USPS certified mail, return receipt requested, and USPS first class mail, simultaneously, to Defendant, courtesy of

Parminder Singh and Surinder Hundal, at their respective home addresses. Conlon Affidavit ¶ 7. "Where service is made by registered or certified mail and simultaneously by regular mail," the plaintiff must file "the return receipt card, or the printout of the electronic confirmation of delivery . . . provided by the U.S. Postal Service," or proof that the registered or certified mail was "unclaimed[.]" N.J. Ct. R. 4:4–7. Here, Plaintiff included with the Affidavit of Service copies of the USPS receipts indicating the certified mail sent to Parminder Singh and Surinder Hundal was unclaimed. Conlon Affidavit ¶ 15, Exhibit 5 [ECF No. 11-5], Exhibit 6 [ECF No. 11-6]. This is sufficient proof to satisfy N.J. Ct. R. 4:4-7. *See, e.g., U.S. Bank Nat. Ass'n*, 444 N.J. Super. at 107 (finding "sufficient proof" satisfying N.J. Ct. R. 4:4-7 where plaintiff included with its Certification of Inquiry/Mailing a copy of the printout from the USPS website indicating the certified mail went unclaimed). Under N.J. Ct. R. 4:4–3(a), service by mail "is valid even if the defendant does not answer or appear, and may provide the basis for entry of a default judgment." *Citibank, N.A. v. Russo*, 334 N.J. Super. 346, 352 (App. Div. 2000). Service by mail "is as fully effective as personal service." *U.S. Bank Nat. Ass'n*, 444 N.J. Super. at 109 (quoting Pressler & Verniero, Current N.J. Court Rules, comment on R. 4:4–3 (2016)).

  Notwithstanding the foregoing, Plaintiff's motion suffers certain fatal infirmities of proof and he is ultimately unable to satisfy his burden as to the validity of service based on the current record. *See Grand Entm't Grp.*, 988 F.2d at 488 ("[T]he party asserting the validity of service bears the burden of proof on that issue."). Fundamentally, Plaintiff has not demonstrated that Defendant was amenable to suit on the date the action was instituted because there is information in the record to suggest that it is possible that the complaint was filed after the entity's termination. The complaint was filed on October 20, 2022. *See* Compl. Without identifying a specific date of termination or providing a copy of any record reflecting such date, Plaintiff

represents he "found that a Termination/Dissolution of LLC was filed related to Defendant Atlantic Supply, LLC in 2022 on the State of New Jersey, Department of the Treasury, Division of Revenue and Enterprise Services, Business Records Service." Conlon Affidavit ¶ 11. Pursuant to N.J.S.A. § 42:2C-49(a), "[a] dissolved limited liability company shall wind up its activities, and the company continues after dissolution only for the purpose of winding up." N.J.S.A. § 42:2C-49(a). "Winding up" includes "prosecut[ing] and defend[ing] actions and proceedings, whether civil, criminal, or administrative." N.J.S.A. § 42:2C-49(b)(2)(c). Under the statute's corresponding definitions section, N.J.S.A. § 42:2C-2,

> "[t]erminated" means, with respect to a limited liability company, that such company has been dissolved, that <u>all of its affairs have been wound up</u>, and that all of its assets have been either applied to discharge its obligations to creditors, including members that are creditors, or distributed to its members.

N.J.S.A. § 42:2C-2 (emphasis added). Accepting Plaintiff's representation that "a Termination/Dissolution of LLC was filed related to Defendant Atlantic Supply, LLC in 2022[,]" and absent information of record to the contrary, the Court cannot simply take for granted that the entity was dissolved under N.J.S.A. § 42:2C-48 and terminated *after* the filing of the complaint on October 20, 2022.[1] Conlon Affidavit ¶ 11. Rather, as best the Court can discern from the record the entity was dissolved and terminated *as of* 2022. Thus, the Court is without sufficient information to make a finding that the entity was dissolved and terminated after the time the complaint was filed on October 20, 2022 such that Defendant would have been

---

[1] *See Chase Bank USA, N.A. v. Premier Investigation Servs., LLC*, No. CV 18-9058 (RMB/KMW), 2020 WL 13553688, at *1 (D.N.J. Feb. 26, 2020) ("That [defendants] had both been terminated prior to the filing of this suit means their affairs had been wound up prior to the filing of this suit. Since an LLC continues to exist after dissolution only for the purpose of winding up, it follows that [defendants] no longer existed as legal entities at the time of the filing of this suit because the State of New Jersey Department of the Treasury had already granted a Certificate of Termination as to [defendants]. Thus [after defendants were terminated] neither of the LLC Defendants could sue or be sued.").

amenable to suit at the time the action was instituted.[2] *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (requiring district court to make explicit findings concerning the factors it must consider in rendering judgment by default). And Plaintiff has not otherwise shown that Defendant was amenable to suit at the time the action was instituted under N.J.S.A. § 42:2C-50 (permitting known claims against dissolved limited liability company), or N.J.S.A. § 42:2C-51 (permitting other claims against dissolved limited liability company). As such, the Court cannot find that proper service was effected by the simultaneous mailings made on February 23, 2023 via the individual Plaintiff identified as Defendant's registered agent, Parminder Singh.[3] *See Int'l Union of Operating Engineers, Loc. 68, AFL-CIO v. RAC Atl. City Holdings, LLC*, No. 11-3932 MAS JTB, 2013 WL 353211, at *5 (D.N.J. Jan. 29, 2013) (finding defendant LLC was no longer amenable to service of process via its registered agent after the entity was cancelled).

In sum, the Court is unable to find on the current record that Defendant could be sued on October 20, 2022 or that the identified registered agent was authorized to accept service on Defendant's behalf by mail on February 23, 2023. Because Plaintiff has not sustained his burden of demonstrating the validity of service, default judgment cannot be entered at this time. *See Teamsters Pension Fund of Philadelphia*, 2011 WL 4729023, at *2 ("Before the Court can enter

---

[2] *See Int'l Union of Operating Engineers, Loc. 68, AFL-CIO v. RAC Atl. City Holdings, LLC*, No. 11-3932 MAS JTB, 2013 WL 353211, at *9 (D.N.J. Jan. 29, 2013) ("As a basic matter, New Jersey's LLC Act does not allow cancelled entities to be served, prosecute or defend suit.").

[3] With respect to Surinder Hundal, Plaintiff has identified this individual only as a "business partner" of Parminder Singh. Conlon Affidavit ¶ 8. Plaintiff has neither asserted nor presented any proofs to support that Surinder Hundal was authorized to accept service on behalf of Defendant. Accordingly, even assuming Defendant was amenable to suit, Plaintiff would be unable to establish proper service of process by mail on Defendant courtesy of Surinder Hundal on the current record. *See Zoning Bd. of Adjustment of Sparta Twp. v. Serv. Elec. Cable Television of New Jersey, Inc.*, 198 N.J. Super. 370, 377 (App. Div. 1985) ("[I]n the absence of circumstances which clearly show that [an agency agreement] was intended by the parties, authorization to accept service of process on behalf of a corporation . . . would not be deemed to exist.") (citation omitted).

default judgment, it must find that process was properly served."); *Grand Entm't Grp.*, 988 F.2d at 488 ("[T]he party asserting the validity of service bears the burden of proof on that issue.").

### IV.     Conclusion

For the reasons set forth herein, Plaintiff's motion for entry of default judgment pursuant to Fed. R. Civ. P. 55(b) [ECF No. 14] will be denied without prejudice. An appropriate order shall issue.

Date: November 25, 2024

/s/ *Christine P. O'Hearn*
**Christine P. O'Hearn**
**United States District Judge**